IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| ROCHESTER KEMP, #154 210 | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-676-WKW |
| | | (WO) |
| ALABAMA DEPARTMENT OF CORRECTIONS, *et al.*, | * | |
| | * | |
| Defendants. | | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate currently incarcerated at the Atmore Community Work Center in Atmore, Alabama. He files this 42 U.S.C. § 1983 action for damages and injunctive relief complaining that during his incarceration at the Elmore Correctional Facility he received an injury to one of his fingers as a result of an unsafe condition existing at the institution. Named as the defendants are the Elmore Correctional Facility and the Alabama Department of Corrections. Upon review of the complaint, the court concludes that Plaintiff's complaint is subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

The Elmore Correctional Facility and the Alabama Department of Corrections are not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's complaint against the Elmore Correctional Facility and the Alabama Department of Corrections is "based on an indisputably meritless legal theory." The complaint, therefore, is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before August 13, 2007 the parties shall file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 31st day of July, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE